Andrea Darrow Smith, Esq. (SBN: 265237)
andrea@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
4129 Main Street, Suite B8
Riverside, CA 92501
(951) 784-7770
(619) 297-1022

Attorneys for Kevin McNichols

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kevin McNichols<br><br>                    Plaintiff,<br>v.<br><br>The Moore Law Group, Discover Bank<br><br>                    Defendants. | Case No: **'11CV1458 WQHJMA**<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1.   The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

HYDE & SWIGART
Riverside, California

1    collection practices are not competitively disadvantaged, and to promote
2    consistent State action to protect consumers against debt collection abuses.

3    2.    The California legislature has determined that the banking and credit system
4          and grantors of credit to consumers are dependent upon the collection of just
5          and owing debts and that unfair or deceptive collection practices undermine
6          the public confidence that is essential to the continued functioning of the
7          banking and credit system and sound extensions of credit to consumers. The
8          Legislature has further determined that there is a need to ensure that debt
9          collectors exercise this responsibility with fairness, honesty and due regard
10         for the debtor's rights and that debt collectors must be prohibited from
11         engaging in unfair or deceptive acts or practices.

12   3.    Kevin McNichols, ("Plaintiff"), through Plaintiff's attorneys, brings this
13         action to challenge the actions of The Moore Law Group ("Defendant
14         Moore") and Discover Bank ("Defendant Discover"), (collectively
15         "Defendants"), with regard to attempts by Defendant to unlawfully and
16         abusively collect a debt allegedly owed by Plaintiff, and this conduct caused
17         Plaintiff damages.

18   4.    Plaintiff makes these allegations on information and belief, with the exception
19         of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which
20         Plaintiff alleges on personal knowledge.

21   5.    While many violations are described below with specificity, this Complaint
22         alleges violations of the statutes cited in their entirety.

23   6.    Unless otherwise stated, all the conduct engaged in by Defendant took place
24         in California.

25   7.    Any violations by Defendant were knowing, willful, and intentional, and
26         Defendant did not maintain procedures reasonably adapted to avoid any such
27         violation.

28

**HYDE & SWIGART**
Riverside, California

8. Any and all violations alleged against Defendant Moore are imputed to Defendant Discover under the theory of vicarious liability, because the actions undertaken by Defendant Moore were an attempt to collect the alleged debt by an attorney's office on behalf of Defendant Discover.

9. All violations alleged under the FDCPA are alleged as against all Defendants.

10. All violations alleged under the Rosenthal Act are alleged as against Defendant Discover only.

**JURISDICTION AND VENUE**

11. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

12. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

13. Because Defendant does business within the State of California, personal jurisdiction is established.

14. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c).

15. Defendants conduct business in San Diego County and are subject to personal jurisdiction in San Diego County, and therefore Defendants reside in this judicial district pursuant to 28 U.S.C. § 1391(c).

**PARTIES**

16. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

17. Defendants are persons who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

HYDE & SWIGART
Riverside, California

18. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

19. Defendants, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), are therefore a debt collectors as that term is defined by California Civil Code § 1788.2(c).

20. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.   As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

### FACTUAL ALLEGATIONS

21. Sometime before December 14, 2010, Plaintiff is alleged to have incurred certain financial obligations.

22. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

23. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

24. Sometime thereafter, but before December 14, 2010, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.  Plaintiff currently takes no position as to the validity of this alleged debt.

25. Subsequently, but before December 14, 2010, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

26. On or about December 14, 2010, Defendant Moore, on behalf of its client Defendant Discover, mailed a dunning letter to Plaintiff .   A few days later, Plaintiff received that letter.

27. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

28. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

29. On or about December 20, 2010, within the thirty-day period described in 15 U.S.C. § 1692(a), Plaintiff notified Defendant in writing of his request that Defendants provide validation of the debt.

30. In this December 20, 2010 writing, Plaintiff further notified Defendant Moore that its representatives were to cease placing calls to Plaintiff's workplace as Plaintiff had been receiving an average of four calls per day at his workplace from Defendant Moore despite prior requests that Defendant Moore not call him at work.

31. Without the prior consent of the consumer given directly to the Defendant or the express permission of a court of competent jurisdiction, Defendant communicated with the consumer in connection with the collection of a debt at the consumer's place of employment when Defendant knew or had reason to know that the consumer's employer prohibited the consumer from receiving such communication.   Consequently, Defendant violated 15 U.S.C. § 1692c(a)(3).

32. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

33. Through this conduct, Defendant caused a telephone to ring or engaged a person in telephone conversations repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.   Consequently, Defendant violated 15 U.S.C. § 1692d(5).

34. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

35. On or about February 8, 2011, Defendant Discover, through its counsel Defendant Moore, filed a collections case against Plaintiff in San Bernardino County Superior Court, case number CIVDS1101785.

36. On or about March 2, 2011 Plaintiff's counsel mailed an answer to the state court action directly to Defendant Moore.

37. Furthermore, on or about March 7, 2011 Plaintiff's answer to the state court action was filed with the San Bernardino County Superior Court and Plaintiff's counsel was listed as attorney of record on the case.

38. On or about March 22, 201, at approximately 10:31 a.m.,  Defendant Moore called Plaintiff directly on his work phone and left a voicemail regarding the alleged debt.

39. Without the prior consent of the consumer given directly to the Defendant or the express permission of a court of competent jurisdiction, Defendant communicated with the consumer in connection with the collection of a debt at the consumer's place of employment when Defendant knew or had reason to know that the consumer's employer prohibited the consumer from receiving such communication.  Consequently, Defendant violated 15 U.S.C. § 1692c(a)(3).

40. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal

HYDE & SWIGART
Riverside, California

1   Fair Debt Collection Practices Act, through California Civil Code § 1788.17,

2   this conduct or omission violated Cal. Civ. Code § 1788.17.

3   41.   Without the prior consent of the consumer given directly to the Defendant or

4   the express permission of a court of competent jurisdiction, Defendant

5   communicated with the consumer in connection with the collection of a debt

6   when Defendant knew the consumer was represented by an attorney with

7   respect to such debt and had knowledge of, or could have readily ascertained

8   such attorney's name and address.    Consequently, Defendant violated 15

9   U.S.C. § 1692c(a)(2).

10  42.   Because this violated certain portions of the federal Fair Debt Collection

11  Practices Act as these portions are incorporated by reference in the Rosenthal

12  Fair Debt Collection Practices Act, through California Civil Code § 1788.17,

13  this conduct or omission violated Cal. Civ. Code § 1788.17.

14  **CAUSES OF ACTION**

15  **COUNT I**

16  **FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

17  **15 U.S.C. §§ 1692 ET SEQ.**

18  **AS TO ALL NAMED DEFENDANTS**

19  43.   Plaintiff repeats, re-alleges, and incorporates by reference, all other

20  paragraphs.

21  44.   The foregoing acts and omissions constitute numerous and multiple violations

22  of the FDCPA, including but not limited to each and every one of the above-

23  cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

24  45.   As a result of each and every violation of the FDCPA, Plaintiff is entitled to

25  any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in

26  an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,

27  reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from

28  Defendant.

HYDE & SWIGART
Riverside, California

HYDE & SWIGART
Riverside, California

## COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)

### CAL. CIV. CODE §§ 1788-1788.32

### AS TO DEFENDANT DISCOVER

46. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

47. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

48. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant Discover, and Plaintiff be awarded damages from Defendant Discover, as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

///

///

///

WHEREFORE, Plaintiff prays that judgment be entered against Defendant Moore, and Plaintiff be awarded damages from Defendant Moore, as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

49. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.


Respectfully submitted,

**Hyde & Swigart**


Date: June 30, 2011                    By:/s/ Andrea Darrow Smith
                                       Email: andrea@westcoastlitigation.com
                                       Attorneys for Plaintiff

**HYDE & SWIGART**
Riverside, California