Andrea Darrow Smith, Esq. (SBN: 265237)
andrea@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
4129 Main Street, Suite B8
Riverside, CA 92501
(951) 784-7770
(619) 297-1022

Attorneys for Kevin McNichols

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| Kevin McNichols | Case No: 3:11-cv-01458 WQH (JMA) |
|---|---|
| Plaintiff, | **First Amended Complaint For Damages** |
| v. | |
| The Moore Law Group, Discover Bank | **Jury Trial Demanded** |
| Defendants. | |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Kevin McNichols, ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of The Moore Law Group ("Defendant Moore") and Discover Bank ("Defendant Discover Bank"), (collectively "Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

7. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

///

8. Any and all violations alleged against Defendant Moore are imputed to Defendant Discover under the theory of vicarious liability, because the actions undertaken by Defendant Moore were an attempt to collect the alleged debt by an attorney's office on behalf of its client, Defendant Discover.

### JURISDICTION AND VENUE

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

10. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

11. Because Defendants do business within the State of California, personal jurisdiction is established.

12. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c).

13. Defendants conduct business in San Diego County and are subject to personal jurisdiction in San Diego County, and therefore Defendants reside in this judicial district pursuant to 28 U.S.C. § 1391(c).

### PARTIES

14. Plaintiff is a resident of the state of California.

15. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

16. Defendants are persons who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

17. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from

1  Plaintiff, and is a "debtor" as that term is defined by California Civil Code §
2  1788.2(h).
3  18. Defendants, in the ordinary course of business, regularly, on behalf of
4  themselves, or others, engage in debt collection as that term is defined by
5  California Civil Code § 1788.2(b), are therefore a debt collectors as that term
6  is defined by California Civil Code § 1788.2(c).
7  19. This case involves money, property or their equivalent, due or owing or
8  alleged to be due or owing from a natural person by reason of a consumer
9  credit transaction. As such, this action arises out of a consumer debt and
10  "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

**FACTUAL ALLEGATIONS**

12  20. Sometime before December 14, 2010, Plaintiff is alleged to have incurred
13  certain financial obligations with Defendant Discover Bank for personal
14  credit card purchases.
15  21. These financial obligations were credit debts from Defendant Discover Bank
16  that were primarily for personal, family and household purposes and are
17  therefore "debts" as that term is defined by 15 U.S.C. §1692a(5).
18  22. These alleged obligations were also money, property, or their equivalent,
19  which is due or owing, or alleged to be due or owing, from a natural person to
20  another person and are therefore a "debt" as that term is defined by California
21  Civil Code §1788.2(d) as they involved a personal credit card debt allegedly
22  owed by Defendant Discover Bank, and because of this they were also
23  "consumer debts" as that term is defined by California Civil Code §1788.2(f).
24  23. Sometime thereafter, but before December 14, 2010, Plaintiff allegedly fell
25  behind in the payments allegedly owed on the alleged credit card debt.
26  Plaintiff currently takes no position as to the validity of this alleged debt.
27  ///
28  ///

HYDE & SWIGART
Riverside, California

24. Subsequently, on or about December 14, 2010, the alleged credit card debt was assigned, placed, or otherwise transferred by Defendant Discover Bank to Defendant Moore for collection.

25. On or about December 14, 2010, Defendant Moore, on behalf of its client Defendant Discover Bank, mailed a dunning letter to Plaintiff demanding payment of this Discover Bank credit card debt for Defendant Discover Bank. A few days later, Plaintiff received that letter.

26. This December 14, 2010 communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

27. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

28. Later that month, Plaintiff received multiple calls from Defendant Moore on his work telephone number as Defendant Moore tried to collect the alleged debt for Defendant Discover Bank. During each and every call, Defendant Moore demanded payment of the alleged debt for Defendant Discover Bank.

29. Plaintiff received as many as six telephone calls per day from Defendant Moore, and on behalf of Defendant Discover Bank, on his work phone, even though on each and every occasion Plaintiff verbally advised Defendant Moore and Defendant Discover Bank that his employer prohibited him from receiving such communications, and that these calls by Defendant Moore on behalf of Defendant Discover Bank were inconvenient. During each call, Plaintiff also told Defendant Moore and Defendant Discover Bank to cease calling his work phone number and instead only use his home telephone number.

30. Further, on or about December 20, 2010, within the thirty-day period described in 15 U.S.C. § 1692(a), Plaintiff notified Defendant Moore and

Defendant Discover Bank in writing that he disputed the alleged debt as required by 15 U.S.C. § 1692g.

31. In this December 20, 2010 writing, Plaintiff again notified Defendant Moore and Defendant Discover Bank that its representatives were to cease placing calls to Plaintiff's workplace as Plaintiff had been receiving an average of four calls per day at his workplace from Defendant Moore despite prior requests that Defendant Moore and Defendant Discover Bank not call him at work as there was a company policy in place that did not allow Plaintiff to receive such telephone calls and because such calls were inconvenient.

32. Subsequently, Defendant Moore and Defendant Discover Bank continued its barrage of calls to Plaintiff's place of employment without ever validating the alleged debt as required by 15 U.S.C. § 1692g(b).

33. Because Defendant Moore and Defendant Discover Bank made repeated telephone calls to Plaintiff's place of employment after Plaintiff had advised Defendant Moore and Defendant Discover Bank that Defendant Moore and Defendant Discover Bank had to stop calling him at his place of employment as his employer prohibited him from receiving such communications, and that these calls by Defendant Moore and Defendant Discover Bank were inconvenient, Defendant Moore and Defendant Discover Bank violated 15 U.S.C. § 1692c(a)(3) in that Defendants communicated with Plaintiff in connection with the collection of a debt at Plaintiff's place of employment when Defendant Moore and Defendant Discover Bank knew or had reason to know that Plaintiff's employer prohibited the Plaintiff from receiving such communication.

34. Because this conduct by Defendant Moore and Defendant Discover Bank violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt

Hyde & Swigart
Riverside, California

Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

35. Further, through this conduct, Defendant Moore caused a telephone to ring or engaged a person in telephone conversations repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number. Consequently, Defendant violated 15 U.S.C. § 1692d(5).

36. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

37. Further, by this conduct, Defendant communicated with the consumer in connection with the collection of a debt at an unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. Consequently, Defendant violated 15 U.S.C. § 1692c(a)(1).

38. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

39. By communicating with Plaintiff by telephone before validating the debt, as required pursuant to 15 U.S.C. § 1692g(b), Defendant violated 15 U.S.C. § 1692g. Because this communication did not comply with 15 U.S.C. § 1692g, this communication also violated Cal. Civ. Code § 1788.17.

40. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

41. Subsequently, on or about late January 2011, Plaintiff received a collection call from Defendant Moore and at this time Plaintiff requested that Defendant

      Moore validate the debt, as he had not yet received any response to his written request for validation sent in December 2010.

42. In response, Defendant Moore's representative told Plaintiff to "stop acting like a f***ing attorney."[1]

43. Through this conduct, Defendant Moore used obscene or profane language or language the natural consequence of which is to abuse the hearer or reader. Consequently, Defendant violated 15 U.S.C. § 1692d(2).

44. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

45. On or about February 8, 2011, Defendant Discover, through its counsel Defendant Moore, filed a collections case against Plaintiff in San Bernardino County Superior Court, case number CIVDS1101785.

46. By filing this lawsuit before validating the debt, as required pursuant to 15 U.S.C. § 1692g(b), Defendant violated 15 U.S.C. § 1692g.  Further, this action also violated Cal. Civ. Code § 1788.17.

47. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

48. On or about March 2, 2011 Plaintiff's counsel mailed Plaintiff's answer to the state court action directly to Defendant Moore.

49. Subsequently, on or about March 7, 2011 Plaintiff's answer to the state court action was filed with the San Bernardino County Superior Court and Plaintiff's counsel was listed as attorney of record on the case.

---

[1] Profanity redacted.

50. Notwithstanding this, on or about March 22, 2011, at approximately 10:31 a.m., Defendant Moore called Plaintiff directly on his work phone and left a voicemail regarding the alleged debt.

51. By communicating with Plaintiff by telephone before validating the debt, as required pursuant to 15 U.S.C. § 1692g(b), Defendant violated 15 U.S.C. § 1692g. Because this communication did not comply with 15 U.S.C. § 1692g, this communication also violated Cal. Civ. Code § 1788.17.

52. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

53. Without the prior consent of the consumer given directly to the Defendant or the express permission of a court of competent jurisdiction, Defendant communicated with the consumer in connection with the collection of a debt at the consumer's place of employment when Defendant knew or had reason to know that the consumer's employer prohibited the consumer from receiving such communication. Consequently, Defendant violated 15 U.S.C. § 1692c(a)(3).

54. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

55. Without the prior consent of the consumer given directly to the Defendant or the express permission of a court of competent jurisdiction, Defendant communicated with the consumer in connection with the collection of a debt when Defendant knew the consumer was represented by an attorney with respect to such debt and had knowledge of, or could have readily ascertained

1  such attorney's name and address.  Consequently, Defendant violated 15
2  U.S.C. § 1692c(a)(2).

56. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

57. Without the prior consent of the consumer given directly to the Defendant or the express permission of a court of competent jurisdiction, Defendant communicated with the consumer in connection with the collection of a debt at an unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.  Consequently, Defendant violated 15 U.S.C. § 1692c(a)(1).

58. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

59. Through the above conduct, Defendant Moore violated Business and Professions Code § 6077.5.

**CAUSES OF ACTION**

**COUNT I**

**FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

**15 U.S.C. §§ 1692 ET SEQ.**

60. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

61. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

///

**HYDE & SWIGART**
Riverside, California

62. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)
### CAL. CIV. CODE §§ 1788-1788.32

63. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

64. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

65. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## COUNT III

### TORT IN SE

### VIOLATIONS OF BUSINESS AND PROFESSIONS CODE § 6077.5

66. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

67. Defendant Moore owed a duty to Plaintiff to refrain from activities that would violated the language in California's Rosenthal Act.

68. Defendant Moore breached that duty as outlined above.

69. Plaintiff did not consent to Defendant Moore's conduct or omissions.

70. Plaintiff was harmed, and continues to be harmed, by Defendant Moore's conduct or omissions.

71. Defendant Moore's conduct or omissions was, and is, a substantial factor in causing Plaintiff's harm.

72. Through the above activities and omissions, Defendant Moore is liable under Tort In Se.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against all named Defendants, and Plaintiff be awarded damages from all named Defendants, as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c); and
- An award of exemplary and punitive damages according to proof at trial.

73. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: July 12, 2011         By: /s/ Andrea Darrow Smith
                            Email: andrea@westcoastlitigation.com
                            Attorneys for Plaintiff