# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MCNICHOLS, | CASE NO. 11cv1458-WQH-JMA |
| Plaintiff, | ORDER |
| vs. | |
| THE MOORE LAW GROUP; DISCOVER BANK, | |
| Defendants. | |

HAYES, Judge:

The matters before the Court are (1) the Motion to Dismiss filed by Defendant Moore Law Group (ECF No. 5), (2) the Motion to Dismiss filed by Defendant Discover Bank (ECF No. 7), and (3) the Motion for Sanctions filed by Defendants Moore Law Group and Discover Bank (ECF No. 13).

## BACKGROUND

On June 30, 2011, Plaintiff initiated this action by filing a complaint against Defendants Moore Law Group and Discover Bank. (ECF No. 1). On July 12, 2011, Plaintiff filed an amended complaint ("Complaint") alleging violations of the federal Fair Debt Collection Practices Act ("FDCPA"), California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), and California Business and Professions Code § 6077.5. (ECF No. 3).

On August 15, 2011, Defendant Moore Law Group filed a Motion to Dismiss (ECF No. 5) and Defendant Discover Bank filed a Motion to Dismiss (ECF No. 7). On September 12,

1  2011, Plaintiff filed oppositions to the motions to dismiss.  (ECF Nos. 11, 12).  On September
2  19, 2011, Defendants filed respective replies.  (ECF Nos. 14, 15).

3       On September 15, 2011, Defendants filed a Motion for Sanctions Pursuant to Rule 11.
4  (ECF No. 13).  On October 3, 2011, Plaintiff filed an opposition to the motion for sanctions.
5  (ECF No. 16).  On October 6, 2011, Defendants filed a reply.  (ECF No. 17).

## ALLEGATIONS OF THE COMPLAINT

7       Sometime before December 14, 2010, Plaintiff is alleged to have fallen behind in
8  payments allegedly owed to Discover Bank for personal credit card purchases.  (ECF No. 3
9  ¶¶ 20, 23).   On December 14, 2010, Discover Bank "assigned, placed, or otherwise
10 transferred" the alleged credit card debt to Moore Law Group for collection.  *Id.* ¶ 24.

11      On December 14, 2010, Moore Law Group, on behalf of Discover Bank, mailed
12 Plaintiff a letter demanding payment of the credit card debt allegedly owed to Discover Bank.
13 *Id.* ¶ 25.  Later that month, Plaintiff received as many as six phone calls a day from Moore Law
14 Group on Plaintiff's work telephone number trying to collect the alleged debt for Discover
15 Bank.  *Id.* ¶¶ 28, 29.  During each phone call, Plaintiff advised Moore Law Group and
16 Discover Bank that his employer prohibited him from receiving such communications and that
17 the calls were inconvenient.  *Id.* ¶ 29.

18      On December 20, 2011, Plaintiff notified Moore Law Group and Discover Bank in
19 writing as required by 15 U.S.C. § 1692g that he disputed the alleged debt and that Moore Law
20 Group and Discover Bank were to cease placing calls to Plaintiff at his workplace.  *Id.* ¶¶ 30,
21 31.  Moore Law Group and Discover Bank continued to call Plaintiff at his place of work and
22 did not validate the alleged debt as required by 15 U.S.C. § 1692g(b).  *Id.* ¶ 32.

23      In late January 2011, Plaintiff received a collection call from Moore Law Group during
24 which Plaintiff requested that Moore Law Group validate the debt and the representative told
25 Plaintiff to "stop acting like a f***ing attorney."  *Id.* ¶ 42.

26      On February 8, 2011, Discover Bank, through its counsel Moore Law Group, filed a
27 collections case against Plaintiff in San Bernardino County Superior Court.  *Id.* ¶ 45.  On
28 March 7, 2011, Plaintiff filed an answer to that action in which Plaintiff's counsel was listed

as attorney of record on the case. *Id.* ¶ 49. On March 22, 2011, Moore Law Group called Plaintiff directly on his work phone and left a message regarding the alleged debt. *Id.* ¶ 50.

Plaintiff asserts three causes of action against Defendants Moore Law Group and Discover Bank for violations of: (1) FDCPA under 15 U.S.C. §§ 1692 et seq.; (2) RFDCPA under California Civil Code §§ 1788-1788.32; and (3) tort in se under California Business and Professions Code § 6077.5. Plaintiff requests statutory damages, costs of litigation and attorney's fees, and exemplary and punitive damages.

## DISCUSSION

### I.  Motions to Dismiss (ECF Nos. 5, 7)

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides: "A pleading that states a claim for relief must contain... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) ("A Rule 12(b)(6) motion tests the legal sufficiency of a claim.").

To sufficiently state a claim to relief and survive a Rule 12(b)(6) motion, a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009). For purposes of reviewing dismissal for failure to state claim, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337 -338 (9th Cir. 1996). However, a court is not "required to accept as true allegations that are merely

1  conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden*
2  *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a
3  motion to dismiss, the non-conclusory factual content, and reasonable inferences from that
4  content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S.*
5  *Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

6    **A. Count I: Violation of FDCPA**

7    Defendant Discover Bank contends that, as original creditor for the credit card account
8  at issue, it is exempt from direct or vicarious liability under FRDCPA because it is not a "debt
9  collector" under the statute. Plaintiff contends that Defendant Discover Bank is a debt
10 collector and vicariously liable under FDCPA for the conduct of its counsel, Defendant Moore
11 Law Group.

12   To be held directly liable for violation of the FDCPA, a defendant must fall within the
13 definition of "debt collector." *Oei v. N. Star Capital Acquisitions, LLC,* 486 F.Supp.2d 1089,
14 1097 (C.D.Cal. 2006); *see also Heintz v. Jenkins*, 514 U.S. 291, 294 (1995); *Romine v.*
15 *Diversified Collection Servs.*, 155 F.3d 1142, 1146 (9th Cir. 1998). Vicarious liability under
16 the FDCPA has been restricted to principals who themselves are statutory "debt collectors."
17 *Oei,* 486 F.Supp.2d at 1097; *see, e.g., Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403-04
18 (3d Cir. 2000); *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 108 (6th Cir. 1996) ("We
19 do not think it would accord with the intent of Congress, as manifested in the terms of the Act,
20 for a company that is not a debt collector to be held vicariously liable for a collection suit filing
21 that violates the Act only because the filing attorney is a 'debt collector.'").

22   The FDCPA defines a "debt collector" as:

23   [A]ny person who uses any instrumentality of interstate commerce or the mails in
  any business the principal purpose of which is the collection of any debts, or who
24   regularly collects or attempts to collect, directly or indirectly, debts owed or due
  or asserted to be owed or due another.... The term does not include (A) any officer
25   or employee of a creditor while, in the name of the creditor, collecting debts for
  such creditor... [or] (F) any person collecting or attempting to collect any debt
26   owed or due or asserted to be owed or due another to the extent such activity... (ii)
  concerns a debt which was originated by such person....
27

28 15 U.S.C. § 1692a(6)(A). A "creditor" is not a "debt collector" under the FDCPA. *Rowe v.*
*Educational Credit Management Corp.*, 559 F.3d 1028, 1031 (9th Cir. 2009), citing 15 U.S.C.

1  § 1692a(6)(A) and *Montgomery v. Huntington Bank*, 346 F.3d 693, 698-99 (6th Cir. 2003).
2  Creditors who collect debts in their own name and whose principal business is not debt
3  collection are not subject to FDCPA. *Oei*, 486 F.Supp.2d at 1097.

4  In deciding a Rule 12(b)(6) motion to dismiss, however, the Court must accept
5  plaintiff's factual allegations as true and construe them in favor of the nonmoving party.  *See*
6  *Cahill*, 80 F.3d at 337-38.  Plaintiff alleges in the Complaint that Defendant Discover Bank
7  "uses an instrumentality of interstate commerce or the mails in a business the principal purpose
8  of which is the collection of debts, or... regularly collects or attempts to collect, directly or
9  indirectly, debts owed or due or asserted to be owed or due another" and is therefore a "debt
10 collector" as defined by FDCPA.  (ECF No. 3 ¶ 16, citing 15 U.S.C. § 1692a(6)).  Plaintiff
11 further alleges that Defendant Discover Bank "made repeated telephone calls to Plaintiff's
12 place of employment" after being advised to stop and without validating the alleged debt.  *Id.*
13 ¶¶ 32, 33.  Plaintiff alleges vicarious liability of Defendant Discovery Bank "because the
14 actions undertaken by Defendant Moore [Law Group] were an attempt to collect the alleged
15 debt by an attorney's office on behalf of its client, Defendant Discover [Bank]." *Id.* ¶ 8.  The
16 Court concludes that the Complaint contains plausible factual allegations that Defendant
17 Discover Bank is a debt collector who may be liable for violations under FDCPA.
18 Accordingly, the motion to dismiss Plaintiff's first cause of action for violations of FDCPA
19 on the ground that Discover Bank is not a "debt collector" and not vicariously liable for the
20 conduct of Moore Law Group is denied.

21  **B.  Count II: Violation of RFDCPA**

22  **1.  Sufficiency of Plaintiff's Factual Allegations**

23  Defendants contend that Plaintiff's second cause of action under RFDCPA fails to
24 allege sufficient facts to state a claim under that statute and that the Complaint "only pleads
25 facts to support its claim of violation of § 1788.17 [of RFDCPA]."[1]  (ECF No. 5 at 3; ECF No.
26 7 at 4).  Plaintiff contends that the Complaint provides sufficient detail necessary to state a

---

[1] California Civil Code § 1788.17 provides that: "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j [FDCPA]... and shall be subject to the remedies in Section 1692k..."

claim for relief under RFDCPA.

In the Complaint, Plaintiff alleges that Defendant Moore Law Group mailed a letter to Plaintiff on behalf of Defendant Discover Bank demanding payment of a credit card debt allegedly owed to Discover Bank. Plaintiff alleges that he later received numerous daily calls at his place of work from Defendants Moore Law Group and Discover Bank during which he advised Defendants that he was prohibited from receiving such communications at work and that the calls were inconvenient. Plaintiff responded to these communications with a written letter to Defendants to dispute the alleged debt and request that the inconvenient, prohibited telephone calls stop. Plaintiff alleges that the telephone calls from Defendants continued in violation of FDCPA and RFDCPA. Plaintiff alleges that during one telephone call, the representative of Defendant Moore Law Group used obscene language in violation of FDCPA and RFDCPA. Plaintiff alleges that Defendants failed to validate the alleged debt and filed a lawsuit in state court against Plaintiff before validating the alleged debt, in violation of FDCPA and RFDCPA. Plaintiff alleges that Defendants continued to call Plaintiff at his place of work after being notified that Plaintiff was represented by counsel, in violation of FDCPA and RFDCPA.

California's RFDCPA provides that any violation of FDCPA is also a violation of RFDCPA. Cal. Civ. Code § 1788.17. Therefore, adequately pled allegations of a violation under FDCPA constitute adequately pled allegations of a violation under RFDCPA. Plaintiff has stated sufficient facts to show a plausible claim against Defendants for violations of FDCPA. Accordingly, Plaintiff has stated sufficient facts to show a plausible claim against Defendants under RFDCPA. The motions to dismiss Plaintiff's second cause of action on the grounds that Plaintiff fails to state a valid claim under RFDCPA are denied.

### 2. Law Firm Liability Under RFDCPA

Defendants contend that, as a law firm, Moore Law Group is exempt from "debt collector" liability under RFDCPA and that therefore neither Moore Law Group nor Discover Bank can be liable for any alleged violation under the statute. Plaintiff contends that Defendant Moore Law Group is not exempt from liability under RFDCPA by virtue of its

status as a law firm and that both Defendants can be held liable for the alleged violations.

RFDCPA excludes "an attorney or counselor at law" from the definition of "debt collector," which is otherwise defined as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection" including "any person who composes and sells, or offers to compose and sell, forms, letters, and other collection media used or intended to be used for debt collection...." Cal. Civ. Code § 1788.2(c). Federal district courts in California have found that a law firm is a debt collector within the meaning of RFDCPA. *See Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541, 548 (N.D. Cal. 2005) ("Since the legislature specifically excluded attorneys from the statute but was silent on law firms, this Court presumes that the legislature did not intend to exclude law firms."); *Robinson v. Managed Accounts Receivables Corp.,* 654 F.Supp.2d 1051, 1061 (C.D.Cal. 2009) ("The Court finds persuasive the authority holding that a law firm may be a 'debt collector' under the California FDCPA."); *Moriarity v. Henriques,* 2011 WL 3568435 at * 6 (E.D.Cal. Aug. 15, 2011) ("[D]istrict courts throughout the Ninth Circuit have found that a law firm is a 'debt collector' within the meaning of the RFDCPA.").[2] The Court concludes that law firms are included in the definition of "debt collector" for the purposes of establishing liability under RFDCPA.

Defendants do not dispute Plaintiff's factual allegation that Defendant Moore Law Group engages in debt collection "in the ordinary course of business, regularly, on behalf of himself or herself or others" as defined in California Civil Code § 1788.2(c). (ECF No. 3 ¶ 18). As a law firm adequately alleged to engage in debt collection, Defendant Moore Law Group is not exempt from liability under RFDCPA. Accordingly, the motions to dismiss Plaintiff's second cause of action on the grounds that law firms are not debt collectors under RFDCPA are denied.

///

///

---

[2] *But see Owings v. Hunt & Henriques,* 2010 WL 3489342 at *2 (S.D.Cal. Sept. 3, 2010) (interpreting *Carney v. Rotkin, Schmerin & McIntyre,* 206 Cal.App.3d 1513, 1522 (1988), to reject the argument that RFDCPA excludes attorneys but not law firms).

### C. Count III: Tort in Se under Cal. Bus. Prof. Code § 6077.5

Defendants contend that they are not liable under Business and Professions Code § 6077.5, as alleged in Plaintiff's third cause of action, because there is no private right of action available under that statute. Plaintiff contends that "tort in se" is a viable private cause of action under Business and Professions Code § 6077.5 because no civil remedy is available for violations under that statute.

A "tort in se" is "the breach of a nonconsensual duty owed another." *Laczko v. Jules Meyers, Inc.*, 276 Cal.App.2d 293, 295 (1969). "Violation of a statutory duty to another may therefore be a tort and violation of a statute embodying a public policy is generally actionable [as a 'tort in se'] even though no specific civil remedy is provided in the statute itself." *Id.* "Any injured member of the public for whose benefit the statute was enacted may bring the action." *Id.* California courts have applied the "tort in se" doctrine only where a specific civil remedy is unavailable for the violations of statutory duty. *See, e.g., South Bay Building Enterprises, Inc. v. Riviera Lend-Lease, Inc.,* 72 Cal.App.4th 1111, 1123 (1999) (allowing a tort in se claim for violations of Cal. Civ. Code § 2924h where no statutory remedy was available); *Tovar v. S. Cal. Edison Co.*, 201 Cal.App.3d 606, 610 (1988) (allowing a tort in se claim for violations of Cal. Pub. Util. Code § 777 where no statutory remedy was available); *Munchow v. Kraszewski*, 56 Cal.App.3d 831, 835 (1976) (allowing a tort in se claim for violations of Cal. Veh. Code § 28051 where no statutory remedy was available). A tort in se claim is "superfluous when the law already provides for a tort in substance." *Esteem v. City of Pasadena*, No. CV 04-00662, 2007 WL 4270360 at *23 (C.D.Cal. Sept. 11, 2007); *Hisamatsu v. Niroula,* No. 07-CV-04371, 2009 WL 4456392 at *5-6 (N.D.Cal. Oct. 22, 2009).

"The RFDCPA already provides a specific private civil remedy and 'there is nothing to indicate that California intended to allow separate negligence tort claims based upon the duties created by the Rosenthal Act.'" *Chaconas v. JP Morgan Chase Bank,* 713 F.Supp.2d 1180, 1189 (S.D.Cal. 2010) (quoting *Castellanos v. JPMorgan Chase & Co.*, No. 09-CV-00969, 2009 WL 1833981 at *11 (S.D.Cal. June 23, 2009)). "[T]his Court cannot apply the tort in se doctrine based on alleged violations of the RFDCPA in absence of

California state authority." *Chaconas,* 713 F.Supp.2d at 1189.

Plaintiff has adequately alleged a violation of RFDCPA in the second cause of action, and a substantive tort remedy is available under that statute. There is no authority indicating that a separate tort claim for the same violation, such as tort in se, is appropriate. Accordingly, the motions to dismiss Plaintiffs' third cause of action for tort in se are granted.

## II.     Motion for Sanctions (ECF No. 13)

Defendants contend that the allegations of the Complaint lack factual or legal support. Specifically, Defendants contend that Plaintiff filed the Complaint without reasonable prior investigation into the facts and that Defendants have provided Plaintiff with documents that "clearly establish" that the facts alleged in the Complaint are false. (ECF No. 13-1 at 9). Defendants reiterate the legal arguments asserted in their motions to dismiss to support their contention that the Complaint lacks legal support. Defendants further contend that Plaintiff filed the Complaint for an improper purpose.

Plaintiff contends that Plaintiff's counsel did "extensive investigation" into the factual allegations of the Complaint prior to filing suit and found "considerable support for the allegations," including physical evidence and a sworn declaration as to the facts alleged. (ECF No. 16 at 3). Plaintiff contends that Defendants' legal arguments asserted in the motions to dismiss are without merit and cannot support the imposition of sanctions.

Federal Rule of Civil Procedure 11 provides that:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery....
>
> If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation....

Fed. R. Civ. Pro. 11(b), 11(c).

1  "Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable
2  inquiry and have determined that any papers filed with the court are well grounded in fact,
3  legally tenable, and 'not interposed for any improper purpose.'" *Cooter & Gell v. Hartmarx*
4  *Corp*., 496 U.S. 384, 393, 110 S.Ct. 2447, 2454 (1990).  One of the purposes of Rule 11 is to
5  ensure that, before filing a civil action, attorneys "make an investigation to ascertain that it has
6  at least some merit...." *Rhinehart v. Stauffer,* 638 F.2d 1169, 1171 (9th Cir. 1979).

7  The standard to determine whether Rule 11 has been violated is objective
8  reasonableness, or "reasonableness under the circumstances."  Advisory Committee Notes to
9  Fed. R. Civ. Proc. 11; *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc*.,
10  498 U.S. 533, 550-551, 111 S.Ct. 922, 933 (1991).  "To warrant sanctions, a complaint must
11  be 'baseless' and 'lacking in plausibility.'" *Jensen Elec. Co. v. Moore, Caldwell, Rowland &*
12  *Dodd, Inc*., 873 F.2d 1327, 1330 (9th Cir. 1989) citing *California Architectural Bldg. Prods.,*
13  *Inc. v. Franciscan Ceramics, Inc*., 818 F.2d 1466, 1472 (9th Cir. 1987).

14  The Ninth Circuit "recognize[s] that a motion to dismiss under rule 11 should not be
15  frequently granted."  *Rhinehart,* 638 F.2d at 1171.  "Rule 11 is an extraordinary remedy, one
16  to be exercised with extreme caution." *Operating Engineers Pension Trust v. A-C Company,*
17  859 F.2d 1336, 1345 (9th Cir. 1988).

18  Plaintiff submitted the declaration of his attorney Andrea Smith who states that, prior
19  to filing the Complaint, she "conducted a complete investigation of the facts and circumstances
20  surrounding this action" including "multiple conversations with the plaintiff and the exchange
21  of certain documents."  (ECF No. 16-1 ¶¶ 4, 5).  Smith states that "[a]t the time the original
22  complaint in this matter was filed, I believed all Defendants were liable under the FDCPA,
23  California's Rosenthal Act, and Tort-in-Se, and continue to believe that to this day.... In my
24  opinion, [this] is a meritorious case."  (ECF No. 16-1 ¶¶ 13, 15).  Plaintiff's counsel has
25  certified that they "conducted a reasonable inquiry" into the allegations of the Complaint and
26  made a determination that it is "well grounded in fact [and] legally tenable." *Cooter*, 496 U.S.
27  at 393. As discussed above regarding the motions to dismiss, Plaintiff asserts sufficient claims
28  against both defendants for violations of the FDCPA and RFDCPA under the law.

1     The Court does not find that the factual allegations of the Complaint are "baseless" or that Plaintiff's allegations lack legal merit. *Jensen*, 873 F.2d at 1330. Further, Defendants' conclusory contention that the Complaint was "filed for an improper purpose" fails to allege or demonstrate any general or particular improper purpose by Plaintiff in filing the Complaint.

   Plaintiff has shown that a reasonable investigation was conducted into the factual allegations of the Complaint prior to its filing and that the factual allegations have some legal merit. No improper purpose has been shown to exist on the part of Plaintiff in filing the Complaint. Accordingly, Defendants' motion for sanctions is denied.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss filed by Defendant Moore Law Group (ECF No. 5) and the Motion to Dismiss filed by Defendant Discover Bank (ECF No. 7) are GRANTED in part and DENIED in part. Plaintiff McNichols's third cause of action alleging tort in se violation of California Business and Professions Code § 6077.5 is dismissed. All other causes of action remain.

IT IS FURTHER ORDERED that the Motion for Sanctions filed by Defendants Moore Law Group and Defendant Discover Bank (ECF No. 13) is DENIED.

DATED: February 28, 2012

**WILLIAM Q. HAYES**
United States District Judge